EFFRON, Judge
(concurring):
I agree with Judge Erdmann’s opinion for the Court, and write separately to underscore the unique circumstances of this case. The military judge who completed the trial and the Court of Criminal Appeals each had the opportunity to dismiss the charges without prejudice, accompanied by an order disqualifying the command from any further proceedings. Under such an order, any subsequent decisions as to investigation, prefer-ral, and referral could have been made by commanders and legal personnel untainted by the impermissible actions in the original proceedings.
In the absence of such an order, we have before us a case in which the prejudice from unlawful command influence was compounded by post-trial processing delay. Over three years transpired from the end of trial to the completion of review by the Court of Criminal Appeals, including over fourteen months in which the case was pending action by the convening authority under Article 60, Uniform Code of Military Justice, 10 U.S.C. § 860 (2000). In light of the unlawful command influence detailed in the opinion for the Court, it would be inappropriate to subject Appellant to new proceedings after the untimely post-trial processing of this case. In that context, dismissal with prejudice provides an appropriate remedy.